IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOE EARL ROBINSON (TDCJ No. 341754), Petitioner, V. WILLIAM STEPHENS, Director, Texas Department of Criminal Justice, Correctional Institutions Division, Respondent. | § § § § § § § § § § § § § | No. 3:14-cv-1640-B-BN |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Petitioner Joe Earl Robinson, a Texas prisoner, proceeding *pro se*, has filed an application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. For the reasons explained below, the application should be denied or, alternatively, dismissed as barred by the statute of limitations.

**Background**

In February 2014, Petitioner filed a civil complaint in this Court seeking disclosure of certain records pursuant to the Freedom of Information Act ("FOIA") and also challenging the validity of a Dallas County, Texas criminal conviction. *See* Dkt. No. 3. The claims were severed, and this separate habeas action was opened, on May 5, 2014. *See* Dkt. No. 4. Petitioner filed an amended Section 2254 petition on or around May 15, 2014. *See* Dkt. No. 7.

Petitioner has multiple state convictions – for burglary of a habitation (in 1982

and 1992), attempted burglary of a habitation (in 1992), aggravated assault (in 1982), aggravated rape (in 1982), and indecency with a child (in 1982) – and is currently in the custody of the Texas Department of Criminal Justice ("TDCJ") pursuant to some of those convictions. But the habeas application presently before the Court solely concerns his August 30, 1982 conviction for indecency with a child, for which punishment of 30 years' incarceration was assessed. *See State v. Robinson*, F82-84408-LK (Crim. Dist. Ct. No. 4, Dallas Cnty., Tex.); Dkt. No. 7 at 2. Through his preliminary response, Respondent provided records from the TDCJ establishing that Petitioner discharged his sentence as to this conviction on March 14, 2012. *See* Dkt. No. 19-1. Petitioner failed to file a reply, and the time for doing so has expired.

## Legal Standards

A federal court lacks subject matter jurisdiction to entertain a Section 2254 action if, at the time the habeas petition is filed, the prisoner is not "in custody" under the conviction and sentence he seeks to attack. *See* 28 U.S.C. § 2254(a); *Hendrix v. Lynaugh*, 888 F.2d 336, 337 (5th Cir. 1989). A prisoner need not be physically confined to be "in custody" for the purposes of Section 2254. But "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." *Maleng v. Cook*, 490 U.S. 488, 492 (1989); *see also Hendrix*, 888 F.2d at 337-38 (adverse consequences of expired sentence, including possibility that conviction may be used to impeach future testimony and enhance future punishment, held insufficient to satisfy the "in custody" requirement of Section 2254).

Although federal courts may exercise jurisdiction over habeas petitions that attack expired convictions used to enhance a sentence, the United States Supreme Court has explained that these petitions generally do not state a cognizable legal claim. *See Lackawanna Cnty. Dist. Attorney v. Coss*, 532 U.S. 394, 402 (2001). That is, when a prior conviction has affected a current sentence, a petitioner satisfies the "in custody" requirement but may not challenge the prior sentence if it can no longer be attacked on its own, either because the prisoner failed to challenge it while remedies were available or did so and lost. *See id.* at 403-04; *see also Daniels v. United States*, 532 U.S. 374 (2001) (applying the same rule to Section 2255 motions); *United States v. Clark*, 284 F.3d 563, 567 (5th Cir. 2002) (a prisoner who had "never attempted any attack, by direct appeal or otherwise," could not challenge the constitutionality of his prior convictions even though they had been used to directly enhance his current sentence (applying *Daniels*)); *Cotton v. Thaler*, No. SA-10-cv-87-XR, 2010 WL 3239316, at *5 (W.D. Tex. Aug. 16, 2010) ("Because the issue in *Clark* ... was whether a state conviction had been attacked, the Court sees no reason why the case does not apply to a federal habeas petition under § 2254. In fact, the Fifth Circuit referenced *Coss* in explaining the *Daniels* rule.").

**Analysis**

Based on the state court records filed in this proceeding, it is not clear here whether Petitioner's 1982 conviction for indecency with a child – the sole conviction challenged in the Section 2254 application before the Court – was used to enhance any of the sentences under which Petitioner is currently in custody. What is clear, however,

is that, even if it was used to enhance a current custodial sentence, Petitioner's indecency-with-a-child conviction is "'conclusively valid'" because the pleadings before the Court reflect that this conviction was "'no longer open to direct or collateral attack in [its] own right' when [Petitioner] filed this federal petition." *Tarvin v. Dretke*, No. Civ. A. H-06-0854, 2006 WL 846366, at *2 (S.D. Tex. Mar. 31, 2006) (quoting *Coss*, 532 U.S. at 403-04). In *Tarvin*, United States District Judge Lee Rosenthal concluded that, assuming the petitioner's 1987 conviction – which was discharged long before the Section 2254 application was filed – was used to enhance a 2002 state conviction under which the petitioner was then incarcerated, while the court had jurisdiction to consider the 1987 conviction, the claim failed because the 1987 conviction was "conclusively valid" under the rule in *Coss*.

    The same logic applies here. Petitioner did not challenge the indecency-with-a-child conviction on direct appeal and waited until after the sentence associated with this conviction was discharged to challenge the conviction through applications for a state writ of habeas corpus. *See Ex parte Robinson*, WR-80,057-01, -03 (Tex. Crim. App.); *cf. Vollmer v. Stephens*, No. 3:13-cv-947-L, 2013 WL 5366062, at *2-*3 (N.D. Tex. Sept. 25, 2013) ("Petitioner concedes that he did not challenge that conviction by direct appeal. He also failed in a recent state-court collateral attack. Thus, Petitioner is in the same position as the petitioner in *United States v. Clark* ... , who waited until his sentences were enhanced and his underlying conviction was final to bring the first challenge to his prior conviction.... Accordingly, Petitioner's claims are not cognizable." (citations omitted)).

In addition, the application is time-barred, and Petitioner has neither shown that rare and exceptional circumstances justify equitable tolling of the limitations period nor shown (or even asserted) that he is actually innocent.

Because Petitioner did not appeal the August 30, 1982 conviction for indecency with a child, the conviction became final 30 days later, on September 29, 1982. *See* TEX. R. APP. P. 26.2. But the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") and its one-year limitation period did not become effective until when the AEDPA was signed into law on April 24, 1996. *See United States v. Patterson*, 211 F.3d 927, 929 (5th Cir. 2000). And the Fifth Circuit allowed prisoners a one-year grace period in which to file claims for federal habeas relief. *See United States v. Flores*, 135 F.3d 1000, 1006 (5th Cir. 1998); *see also Flanagan v. Johnson*, 154 F.3d 196, 202 (5th Cir. 1998) (clarifying that one-year grace period extends filing date to April 24, 1997).

The AEDPA's statute of limitations, which started to run on April 24, 1996 was not tolled during the pendency of Petitioner's state habeas applications because the first such application was not filed until more than 16 years after the limitations grace period had run. *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).

Absent tolling of the limitations period, Petitioner's federal habeas application, filed in February 2014, is therefore untimely by almost 17 years. And Petitioner has not demonstrated that he is entitled to statutory or equitable tolling by asserting that "extraordinary circumstance" prevented him from asserting the claims he now brings in his federal habeas application in a timely manner. *See, e.g., Holland v. Florida*, 560 U.S. 631, 649 (2010) (a movant "is 'entitled to equitable tolling' only if he shows '(1)

that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing" (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005))).

## Recommendation

Petitioner's application for writ of habeas corpus should be denied or, alternatively, dismissed as barred by limitations.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 28, 2015

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE